# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE FRIDMAN,<br><br>          Plaintiff,<br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALEZ, Director of the Bureau of Citizenship and Immigration Services; PAUL PIERRE, District Director of the San Diego District of the Citizenship and Immigration Services; and ALBERTO GONZALEZ, Attorney General of the United States,<br><br>          Defendants. | CASE NO. 06cv2333 WQH (CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(D.E. 3) |

  Plaintiff, Enrique Fridman, is a lawful permanent resident of the United States of America and a citizen of Mexico. He interviewed for naturalization on February 25, 2005. At that interview, Plaintiff signed a waiver of his rights under 8 U.S.C. § 1447(b) (providing for district court review of a naturalization application if an agency decision is not issued "before the end of the 120-day period after the date on which the examination is conducted"). On October 5, 2006, Plaintiff withdrew his waiver. On October 19, 2006, he filed his Complaint in this Court, alleging that Defendants have illegally delayed the processing or adjudication of his application and seeking injunctive and other relief.

  Defendants move to dismiss Plaintiff's Complaint on the grounds that Plaintiff's waiver tolled

the statutory period after which this Court may assume jurisdiction. Defendants argue that by signing the waiver, Plaintiff released the United States Citizenship and Immigration Services ("USCIS") from its duty to adjudicate his application within 120 days of his naturalization interview. Plaintiff's October 5, 2006 withdrawal of the waiver, which commenced the 120-day period for agency adjudication, occurred less than 120 days ago, and accordingly, Defendants argue, this Court may not exercise jurisdiction over the Complaint. Defendants point to *Raufi v. Chertoff*, 434 F. Supp. 2d 813 (S.D. Cal. 2006), wherein Judge Miller held that the 120-day period for adjudicating a lawful permanent resident's application for naturalization commenced on the date he revoked his signed, written waiver of the 120-day period.

In the face of *Raufi*, Plaintiff states that he will not oppose the dismissal of his Complaint for want of subject-matter jurisdiction, but he notes:

> The Plaintiff filed his withdrawal on October 5, 2006. The 120-day period from that date runs to February 2, 2007, only four days after the scheduled hearing on the Defendants' Motion. Thus, it seems to be an unnecessary use of judicial resources to dismiss Plaintiff's lawsuit since, even by the Defendants' own admission, the Plaintiff can be back in court within a very short time.

(D.E. 4 at 2.) While the Court may agree with Plaintiff's sentiment, the law is clear that "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citations omitted). In this case, when the Complaint was filed, subject-matter jurisdiction did not exist.

Therefore, Defendants' Motion to Dismiss (D.E. 3) pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**. The Clerk of the Court shall enter **JUDGMENT** dismissing this action without prejudice.

DATED: February 1, 2007

                                                */s/ William Q. Hayes*
                                                **WILLIAM Q. HAYES**
                                                United States District Judge